## INDIAN TERRITORY ILLUMINATING OIL CO. v. BARTLESVILLE ZINC CO. et al.

(Circuit Court of Appeals, Third Circuit. June 12, 1924.)

No. 3126.

Appeal and error ⊚⇒1207(4)—Modification of decree held to conform to mandate of appellate court.

Where certain provisions of a contract only were in litigation, in carrying out the direction of the appellate court to modify the decree entered, it was not error for the trial court to refuse to incorporate a provision relating to an independent clause of the contract, which was not embraced within the pleadings nor referred to in the original decree.

Appeal from the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Suit in equity by the Bartlesville Zinc Company and the National Zinc Company against the Indian Territory Illuminating Oil Company. From a modified decree of the District Court, defendant appeals. Affirmed.

See, also, 288 Fed. 273.

Treacy & Milton, of Jersey City, N. J. (Chas. A. Frueauff and Watson B. Robinson, both of New York City, and Burdette Blue and S. N. Hawkes, both of Bartlesville, Okl., of counsel), for appellant.

Joseph B. Cotton, Roy F. Wrigley, and Samuel Brenner, all of New York City, for appellees.

Before WOOLLEY, Circuit Judge, and WITMER and GIBSON, District Judges.

GIBSON, District Judge. The present appeal results from an issue between the same parties heard in this court (288 Fed. 273). The Bartlesville Zinc Company, the appellee, had filed in the court below a bill in equity, whereby it sought to enjoin the oil company, the appellant, from disconnecting certain of its gas wells from the zinc company's pipe line, and from refusing to furnish it with gas drawn from wells in an area known as the "smelter primary zone." The

court entered a decree wherein it substantially granted the prayers of the bill, decreeing specific performance of the contract set out by the zinc company as the basis of its action, and enjoining the oil company from disconnecting its wells from the plaintiff's pipe line. At the time the decree was framed, the following was introduced into the decree:

"It is further hereby ordered, adjudged, and decreed by the court that the defendant shall not be obligated to produce or develop a supply of gas for the plaintiffs or their said agent, and that the total amount of gas available in said smelter primary zone at any and all times shall be regarded as connected with and available for the said plaintiffs and their said agent, within the limitations of said smelter gas contract, whether or not they shall have actually extended and connected to the said wells."

Both parties appealed from the decree, the oil company in the main appeal, seeking to set aside the order of specific performance and the injunction, and the zinc company, in the cross-appeal, seeking to strike out the words "connected with and," set forth in the portion of the decree quoted, supra. The appeal of the oil company was dismissed, and the decree was directed to be modified, in so far as the subject-matter of the cross-appeal was concerned.

The present appeal of the oil company is based upon the modification of the original decree which was made by the lower court, pursuant to the directions of this court in connection with the cross-appeal; the appellant alleging, in substance, that said modification was not in accordance with the finding and direction of this court. Prior to the entry of the modification by the court below, appellant presented to the court and moved the adoption of an order of modification wherein was the following provision:

"Provided, however, that the total amount of gas available in said smelter primary zone, even if any thereof has been declined by the plaintiffs or their said agent, at any and all times shall be regarded as available for the plaintiffs and their said agent within the limitations of said smelter gas contract, except that the plaintiffs or their said agent shall not be required to extend their lines or to connect to any well or wells which they option not to take, and the plaintiffs or their said agent shall, within the limitations of said smelter gas contract, be permitted to take from the wells with which they now are or may hereafter be connected all available gas in such wells."

The court below refused to make this order, and modified the original decree as set forth in the final decree to which appeal is taken. Except for its failure to incorporate the matter last quoted, appellant herein has not questioned the modification.

From the foregoing statement it is apparent that our present duty is to determine whether or not the learned judge below modified his original decree in accordance with the directions of this court, in its decision upon the cross-appeal of the zinc company. By the form of modified decree suggested by the appellant, the latter very plainly sought to secure an interpretation of section 9 of the original contract between the oil company and the zinc company. That section is as follows:

"Ninth. It is further agreed that the said vendee shall have the option, right, or privilege to advance any sums of money in excess of said thirty thousand ($30,000.00) dollars to the said vendor for the purpose of drilling

wells for natural gas and to be used to the same purpose and in the same manner as the first thirty thousand ($30,000.00) dollars advanced is provided to be used, and in the event the said vendor shall refuse to drill wells with said money so advanced, then the said vendee shall have the right and privilege to drill upon said territory and shall possess the same rights and privileges under said lease, said subleases, and said contract as are possessed by the said vendor for the exclusive purpose only of providing gas to be sold and delivered under this contract."

We are of opinion that the court below was not in error in refusing to incorporate in its decree a construction of the section of the contract quoted, because the construction of it and the power granted therein was never before either the District Court or this court, except collaterally and in the way of argument. This is established by an examination of the pleadings. The defendant below, the oil company, filed no cross-bill. The prayers of the bill are: First. For a permanent injunction restraining the defendant (a) from disconnecting its wells from plaintiff's pipe line; (b) from ceasing to furnish gas to plaintiff; (c) requiring defendant to connect plaintiff's pipe line with new gas wells brought in or developed in the primary zone; (d) from selling the gas from such new wells to others than the plaintiff; and (e) restraining defendant from, in any manner, interfering with the furnishing of gas to the smelters of the plaintiff, under the contract. Second. For a preliminary injunction. Third. For a temporary restraining order without notice. Fourth. For a decree adjudging the existence of the smelter gas contract, decreeing specific performance, and for other proper relief.

In his decree from which the original appeals were taken, Judge Lynch (a) held the contract to be valid; (b) enjoined the defendant from disconnecting its wells from the pipe line of the plaintiff, from ceasing to furnish gas to plaintiff, and from interfering in any way with the furnishing of gas to plaintiff under the contract; (c) directed defendant to permit the plaintiff, and authorized the plaintiff, to connect with all wells in the smelter primary zone; (d) authorized the plaintiff to connect with new wells in the zone and such others as might subsequently be acquired by the defendant; (e) fixed the price of the gas to be furnished; (f) incorporated the provision which has been quoted, supra, as the subject of the cross-appeal.

Assuming the synopses of the prayer of the bill and the decree of the court to be correct, it will be seen that section 9 of the gas contract was not the subject of the court's action, except as a part of the whole contract, which was held to be valid and in existence. The plaintiff requested no decree fixing its rights and powers under that section, and the court made none, and, as stated before, the defendant filed no cross-bill. At that time the right of the plaintiff to demand that defendant drill, and in case of default to itself drill, was not the subject of the litigation. The plaintiff, at that time, was seeking to prevent the defendant from entirely cutting off its gas supply, and the defendant was seeking to overturn the entire contract, and was not endeavoring to procure any interpretation of a single provision of the agreement.

The matter preserved the same status when it came to this court upon appeal and cross-appeal. The scope of the section was doubtless

mentioned, but merely in the way of arguments by counsel, and not as a matter for direct determination. We sustained the finding of Judge Lynch to the effect that a valid contract existed between the parties, and that under it the defendant was required to furnish gas at a fixed price to the plaintiff, and further found that the injunction features of his decree were justified under the evidence. We felt, however, that his construction of the agreement, as set forth in that portion of the decree which was the subject-matter of the cross-appeal, imposed an obligation upon the plaintiff which was not found in the contract. By that construction the defendant could have compelled the plaintiff either to connect its pipe line with all wells in the smelter primary zone and take gas, pro rata, from them, or, in case the connection was not made, could have charged it with a pro rata amount of gas from each well, even though none were actually received, and would have thus been required to furnish less than a contract amount of gas from those wells with which the plaintiff was connected. The court felt that such a construction was not in accord with prior acts of the parties, and was not equitable, and would have the effect of nullifying the advantages flowing to the plaintiff from the contract.

An examination of Judge Woolley's opinion, in which his confrères concurred in its entirety, will disclose the fact that the only modification of the original decree was designed to prevent the plaintiff from being charged with the pro rata amount of gas produced by wells with which defendant was not connected, and with having its contract amount of gas reduced correspondingly from the amount furnished from wells with which it was connected. No modification was ordered which either prohibited or authorized the plaintiff to advance money for the cost thereof, and then either direct the defendant to drill gas wells, or itself drill under the provisions of section 9 of the contract. True, in the opinion certain language is used which may be held to be applicable to that section, but it is used merely incidentally, and for the purpose of making clear the court's attitude upon the main subject of discussion, namely, the right of the defendant to require the plaintiff to connect with all defendant's gas wells in the primary zone or be charged with a pro rata amount of gas produced by them. If the plaintiff has the right to demand that defendant drill additional gas wells in the smelter primary zone upon the advancement of the cost, and upon default of the defendant is entitled to go upon the zone and itself drill, it derives that right, not from any language of the lower court in the modified decree, but from section 9 of the contract.

In view of the foregoing, we feel that the proposed modification of the original decree presented to Judge Lynch by the appellant embraced matter which was not contemplated by this court in its order directing the modification, and therefore that the refusal of the lower court to accept the decree, or to insert in his modified decree language which construed section 9 of the contract, was not error. Indeed, we feel that, had he construed that section, he would have been in error, in view of the fact that he was called upon at the time to make only specific modifications prescribed by this court. We doubt if it would have been proper for him to have undertaken such a construction in his original decree, in view of the pleadings, and the fact that no re-

lief was asked in connection with the particular provision under discussion.

In arriving at the conclusion that the appeal must be dismissed, and the judgment sustained, we do not wish to be understood as assenting to the claims of the appellee relative to its rights under section 9, as we have grave doubts whether its powers are so broad and its rights so unqualified as has been claimed by its counsel upon argument. That, however, is a matter for further litigation between the parties, in case they should not be able to see the advantage of arriving at an amicable agreement. We have authority at this time, as we think, only to pass upon matters which are now properly before the court, and cannot undertake to construe and interpret all the provisions of the contract between the parties which may have come up for attention since the hearing upon the bill, or which may arise in the future.